**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
700 SOUTH FLOWER STREET, 22nd FLOOR
LOS ANGELES, CALIFORNIA 90017-4209
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

Kevin R. Lussier (State Bar No. 143821)
Kim D. Ashley (State Bar No. 253160))
E-Mail: klussier@veatchfirm.com
E-Mail: kashley@veatchfirm.com

Attorneys for Plaintiff GUCCI AMERICA, INC.

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUCCI AMERICA, INC., a New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> TANGO COLLECTION, INC., a California corporation, and KHALED TEHFE a/k/a HENRY, an individual, individually and jointly, d/b/a Pavini Jeans d/b/a Pavini d/b/a Tango Collection, DOES 1-10, <br><br> Defendants. | Case No. CV 14-6682-CAS-PLAx <br><br> **STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff, Gucci America, Inc. ("Gucci" or "Plaintiff") and Defendants Tango Collection, Inc., a California corporation, and Khaled Tehfe a/k/a Henry, an individual, individually and jointly, d/b/a Pavini Jeans d/b/a Pavini d/b/a Tango Collection (collectively, the "Defendants") stipulate and consent to the following:

1

**STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION**

1  **WHEREAS**, Gucci owns the below identified registered trademark:

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
|  | 4,379,039 | August 6, 2013 | IC 025 - Shorts, pants, jeans, leggings, t-shirts, polo shirts, shirts, sweaters, sweatshirts, dresses, skirts, swimwear, one piece garments for infants and toddlers, cloth bibs, scarves, ties, hats, gloves, suspenders, belts |

**WHEREAS**, without the admission of any liability, the parties have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Gucci's good faith prior use of the Gucci Mark, without the admission of any liability, Gucci has superior and exclusive rights in and to the Gucci Mark in the United States and any confusingly similar name or mark.

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1. The Defendants and their officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

    A. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Gucci Mark;

    B. using the Gucci Mark in connection with the sale of any unauthorized goods;

    C. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendants as being

1
2
      sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

3
4
  D.  falsely representing the Defendants as being connected with the Plaintiff, through sponsorship or association,

5
6
7
8
  E.  engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff;

9
10
11
12
  F.  using any reproduction, counterfeit, copy, or colorable imitation of the Gucci Mark in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, clothing products, including shirts;

13
14
15
16
17
  G.  affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff, or in any way endorsed by Plaintiff;

18
19
  H.  offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff;

20
21
22
23
24
25
  I.  secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Gucci Mark; and

26
27
28
  J.  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in

subparagraphs (A) through (I).

2. The parties' respective attorney's fees and costs incurred in connection with this action shall be borne as per the agreement of the individual parties in their Settlement Agreement.

3. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and Permanent Injunction.

4. All products bearing the Gucci Mark at issue currently in the possession, custody and/or control of the Defendants required to be surrendered to Gucci under the terms of the parties' settlement as well as all products surrendered by the Defendants during the Court authorized seizure, shall be destroyed at the direction of Gucci.

**IT IS SO ORDERED.**

Dated: March 25, 2015

_____
**Christina A. Snyder
United States District Judge**